**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| AMY C. SCHAUS CASTANO,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 2:17-cv-00671-CWH<br><br>**ORDER** |

Plaintiff Amy C. Schaus Castano seeks judicial review of defendant Nancy A. Berryhill's ("Commissioner") final decision denying her applications for disability insurance benefits and supplemental Social Security income benefits. The Commissioner now moves to dismiss on the grounds that Schaus Castano's petition for judicial review was untimely. (Mot. to Dismiss (ECF No. 10).) Schaus Castano opposes the motion. (Resp. (ECF No. 12).) The court grants the motion because the petition for judicial review was filed after the expiration of the 60-day limit prescribed in 42 U.S.C. § 405(g), and Schaus Castano does not demonstrate extraordinary circumstances warranting equitable tolling.[1]

**I.    BACKGROUND**

Schaus Castano applied for disability insurance benefits and supplemental security income benefits. (Mot. to Dismiss (ECF No. 10), Decl. of Nancy Chung ["Chung Decl."], Ex. 1 at 8.) An administrative law judge ("ALJ") found that Schaus Castano is not disabled. (Chung Decl., Ex. 1 at 1.) Schaus Castano requested that the Social Security Appeals Council review the ALJ's decision. (Chung Decl., Ex. 2.) The Appeals Council denied Schaus Castano's request for

---

[1] The parties consented to have a United States magistrate judge conduct all proceedings and order the entry of a final judgment in this case under 28 U.S.C. § 636(c). (Reference Order (ECF No. 11).)

review, making the ALJ's decision the Commissioner's final decision. (*Id.*) The Appeals Council's notice informing Schaus Castano of its decision states:

> **Time to File a Civil Action**
>
> - You have 60 days to file a civil action (ask for court review).
> - The 60 days starts the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

(*Id.* at 21.) The Appeals Council's notice was dated December 23, 2016, and it states it was mailed to Schaus Castano, with a copy to her representative. (*Id.* at 20, 22.) Schaus Castano alleges in her complaint for judicial review, however, that the Appeals Council denied her request for review on January 3, 2017. (Compl. (ECF No. 1) at ¶ 8.) Schaus Castano filed her complaint for judicial review with this court on March 6, 2017. (*Id.*)

The Commissioner now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing Schaus Castano did not seek judicial review of the Commissioner's final decision within the 60-day time limit. The Commissioner states Schaus Castano was mistaken about the date on which the Appeals Council denied her request for review. Specifically, the Commissioner argues Schaus Castano's deadline for seeking judicial review was February 27, 2017, i.e., the first business day after the sixty-day statutory deadline, plus five days for mailing. The Commissioner further argues the deadline should not be tolled because Schaus Castano did not request an extension from the Commissioner or allege any facts in her complaint explaining why the complaint was late.

Schaus Castano responds that she does not dispute the 60-day deadline applies. Nor does she dispute the Appeals Council's notice was dated December 23, 2016. She states her allegation in the complaint that the Appeals Council's notice was dated January 3, 2017, was a typographical error, and that she could amend the complaint to clarify the notice was received on January 3, 2017. But Schaus Castano does not specify whether it was received by her or her attorney on that date. In support of this argument, she references an exhibit that the court understands to be a date-stamped copy of the letter, but she does not attach the exhibit. She

requests an evidentiary hearing on whether the Appeals Council's notice was actually mailed on December 23, 2016, which was the Friday before the Christmas and New Year's Day holidays.

The Commissioner replies that while Schaus Castano's representative may have received the notice on January 3, 2017, the representative's receipt of the notice does not supersede the five-day presumption of delivery to Schaus Castano. The Commissioner argues Schaus Castano does not state when she received her copy of the notice. The Commissioner further argues it is Schaus Castano's burden to show that she did not receive the notice within the five-day period. The Commissioner attaches a copy of the Appeals Council's notice that was mailed to Schaus Castano's representative, which is date-stamped "January 3, 2017." (Reply (ECF No. 13), Ex. 1 at 1, 7.) The Commissioner represents that the date-stamped notice and envelope were provided to her by Schaus Castano's attorney. The Commissioner further represents that she understands this date-stamped letter to be the missing exhibit from Schaus Castano's response, but states that she was unable to confirm this with Schaus Castano's attorney.

**II.  ANALYSIS**

A complaint may be dismissed for "failure to state a claim upon which relief can be granted" under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To succeed on such a motion, the defendant must show the plaintiff does not make sufficient factual allegations to establish a plausible entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). In considering whether the complaint is sufficient to state a claim, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

When ruling on a motion to dismiss, if the court considers evidence outside the pleadings, it normally must convert the motion into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). The court "may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

Here, the Commissioner submitted copies of the administrative law judge's decision and the Appeals Council's notice as exhibits in support of her motion to dismiss. The Commissioner also submitted a date-stamped copy of the Appeals Council's notice that was provided by Schaus Castano's attorney to the Commissioner as an exhibit in support of the Commissioner's reply. Schaus Castano's complaint for judicial review references and relies on the administrative law judge's decision and the Appeals Council's decision. (Compl. at ¶¶ 6-8.) Given that Schaus Castano is seeking judicial review of the ALJ's decision denying her benefits and the Appeals Council's denial of her request for review, those decisions are essential to the complaint. As such, under the doctrine of incorporation by reference, the court properly may consider the documents attached to the Commissioner's motion to dismiss and reply without converting the motion into one for summary judgment.

### A. Limitations period

A Social Security claimant may obtain judicial review of a final decision by the Commissioner by "a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow." 42 U.S.C. § 405(g); *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987). "Mailing" is construed as the date on which the notice "is received by the individual," which is "presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c); *Vernon*, 811 F.2d at 1277. "The 60-day period is not jurisdictional, but instead constitutes a statute of limitations." *Vernon*, 811 F.2d at 1277. A complaint may be dismissed on statute of limitations grounds under Rule 12(b)(6) "when the running of the statute is apparent from the face of the complaint" and the complaint does not allege a factual basis for equitable tolling. *Id.* at 1278 (quotation omitted).

Here, the parties do not dispute the Appeals Council's notice is dated December 23, 2016, making Schaus Castano's presumptive date of notice December 28, 2016. Schaus Castano filed the complaint one week late—on the sixty-eighth day after the date on which she presumptively received the notice. While the copy of the notice mailed to Schaus Castano's lawyer is date-stamped with "January 3, 2017," there are no factual allegations in the complaint or documents

incorporated by reference in the complaint indicating when Schaus Castano received the notice, which is the relevant inquiry under §§ 405(g) and 422.210(c). Taking all allegations in the complaint and the documents incorporated by reference in the complaint as true and construing them in the light most favorable to Schaus Castano, the running of the statute of limitations is apparent from the face of the complaint.

**B. Equitable tolling**

The Commissioner argues there are no circumstances that would justify equitable tolling of the 60-day statute of limitations. Schaus Castano responds that given the holidays, the notice might not have been mailed on December 23, 2016, which was the Friday before Christmas, and that she requires an evidentiary hearing to determine when the notice was mailed.

A court should not dismiss a case as untimely under Rule 12(b)(6) unless "the assertions of the complaint, read with required liberality, would not permit the plaintiff to prove that the statute was tolled." *Vernon*, 811 F.2d at 1278. "Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999). It is within the court's discretion whether to toll the 60-day statute of limitations. *Johnson v. Shalala*, 2 F.3d 918, 923 (9th Cir. 1993).

Here, Schaus Castano does not state when she personally received the notice. While she argues the notice was received on January 3, 2017, the date-stamped notice is addressed to Schaus Castano's attorney. (Reply (ECF No. 13), Ex. 1 at 7.) It is Schaus Castano's burden to prove when she received the notice—not when her attorney received it. *See* 20 C.F.R. § 422.210(c) (interpreting mailing as the date on which the notice is received by the individual); *Flores v. Sullivan*, 945 F.2d 109, 111-12 (5th Cir. 1991) (stating that 42 U.S.C. § 405(g) and 20 C.F.R. § 422.210(c) "pinpoint receipt by the individual claimant, instead of by his representative, as the event that starts the sixty days."). Schaus Castano's request for an evidentiary hearing regarding the date the Commissioner mailed the notice attempts to shift the burden of proving the date she received the notice onto the Commissioner. The court recognizes that as a practical matter, the

date the Commissioner mailed the notice bears on the date Schaus Castano received it; however, under the statute, the date Schaus Castano received the notice is presumed to be five days after the date of such notice—not five days after it was mailed.  The court further recognizes that if Schaus Castano's actual receipt of the notice occurred as late as January 3, 2017, Schaus Castano may have a basis to argue the statute of limitations should be tolled, making her complaint timely.  However, an evidentiary hearing on the date the Commissioner mailed the notice will not prove when Schaus Castano received the notice.   The court therefore denies the request for an evidentiary hearing.

Besides her argument about the date the notice was received, Schaus Castano does not offer an explanation for the untimely filing of the complaint.  Schaus Castano's complaint does not include any factual allegations stating that the Commissioner, through wrongful conduct, prevented her from timely filing her complaint, or that other extraordinary circumstances beyond her control that made it impossible to timely file the complaint, even if the notice was not received until January 3, 2017.  Equitable tolling cannot be applied absent extraordinary and egregious circumstances, and Schaus Castano's complaint does not include allegations of extraordinary or egregious circumstances.  Thus, the sixty-day statute of limitations set forth in 42 U.S.C. § 405(g) bars review of the Commissioner's final decision denying Schaus Castano's claim for Social Security benefits, and dismissal under Rule 12(b)(6) is warranted.

**III.    CONCLUSION**

IT IS THEREFORE ORDERED that the Commissioner's motion to dismiss (ECF No. 10) is GRANTED.  The complaint is dismissed with prejudice on the grounds it is untimely.  The clerk of court is directed to enter judgment accordingly and to close this case.

DATED: September 13, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE